*820 MEMORANDUM *
Claimant Jan Frohm (“Frohm”) filed his initial application for disability insurance in 1997. Benefits were denied, but we remanded for proper consideration of Frohm’s subjective pain testimony. In 2005, a different ALJ found that Frohm’s disability ended on June 30, 1998. The Appeals Council denied Frohm’s request for review, and the district court affirmed the Commissioner’s final decision. We affirm.
We may set aside the ALJ’s decision only when the decision is not supported by substantial evidence or is premised on legal error. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir.2005). Here, the ALJ found at Step One of the disability inquiry that Frohm had engaged in substantial gainful activity (“SGA”) after June 30, 1998, and was therefore not disabled. The ALJ alternatively found at Step Four that Frohm could perform his past relevant work after June 30, 1998. Because of the dearth of specific evidence in the record regarding Frohm’s earnings, we affirm based on the ALJ’s Step Four determination that Frohm could engage in his past relevant work.
The ALJ found Frohm not disabled at Step Four because by July 1, 1998, Frohm could engage in past relevant work. Specifically, Frohm had developed the capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, could sit or stand as needed, and could bend and walk occasionally. The vocational expert reported that based on those limitations, Frohm could perform his past work as a project manager. The ALJ credited the vocational expert’s testimony that Frohm could still perform work as a project manager, and found Frohm not disabled as of July 1,1998.
The ALJ’s findings are supported by substantial evidence. Reports from Dr. Hori and Dr. Weinstein indicated an increased range of movement and improved symptoms. Frohm’s personal and work activities support the ALJ’s finding of sedentary to light functionality. The statement by Dr. Tauben that Frohm could not “work at his current status” is ambiguous, and does not negate the substantial evidence supporting the ALJ’s finding. Regarding Frohm’s subjective pain testimony, the ALJ was entitled to consider Frohm’s daily activities and admitted periods of employment activity, and the ALJ cited those activities as a basis for discounting Frohm’s subjective pain testimony. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.1996).
The ALJ’s decision to discount Frohm’s testimony of medication side effects was also adequately supported. The ALJ found that Frohm engaged in jobs requiring concentration and noted that the record otherwise lacked support for Frohm’s argument. Additionally, Frohm also reported to Dr. Tauben in 2001 that his medication caused no sedation or other side effects. While Frohm possibly experienced lapses in concentration as a result of his medication, substantial evidence supports the ALJ’s determination that the medication’s side effects did not negate Frohm’s ability to work in sedentary and light jobs.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.